UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYNTHIA RAMOS et al.,
                             Plaintiffs,

            -against-

MELISSA AVILES-RAMOS et al.,
                             Defendants.
------------------------------------------------------------X

OLIVER BRUCKAUF et al.,
                             Plaintiffs,

            -against-

MELISSA AVILES-RAMOS et al.,
                             Defendants.
------------------------------------------------------------X

24 Civ. 5109 (LGS)
24 Civ. 5136 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs in these two actions, in separate but identical motions, seek (1) a stay of this Court's May 21, 2025, Opinion & Order, *Ramos v. Banks*, No. 24 Civ. 5109, 2025 WL 1455703 (S.D.N.Y. May 21, 2025) (the "May 21 Order"), dismissing the Amended Complaints, pending resolution of the appeal of these matters before the United States Court of Appeals for the Second Circuit and (2) a preliminary injunction: (a) confirming each student's pendency program or placement at iBRAIN and (b) confirming each student's entitlement to funding, as pendency, at iBRAIN, both throughout the administrative and judicial proceedings regarding their Due Process Complaints ("DPC") for the 2024-2025 extended school year ("ESY"), including during the expedited appeal. (The requests for all such relief in both cases is hereafter referred to as the "Motion"). Defendants oppose. For the reasons set forth below, the Motion is denied.

I.    BACKGROUND

Familiarity with the underlying facts and procedural history, as set forth in the May 21 Order, is assumed.  *See* 2025 WL 1455703 at *1-2.  As relevant to the Motion, the May 21 Order dismissed Plaintiffs' Amended Complaints in their entirety.  The May 21 Order granted Plaintiff L.S. leave to amend to assert claims arising out of the failure of the New York City Department of Education to fund pendency in due course.  *Id*. at *8.  The May 21 Order required any such second amended complaint to be filed by June 4, 2025.  *Id*.  Also by June 4, 2025, the parties were required to submit a joint letter updating the status of each student-plaintiff and a proposed form of order consistent with the May 21 Order reflecting any changed status.  *Id*.

Plaintiffs filed a notice of appeal from the May 21 Order on May 21, 2025.  Plaintiffs moved for a stay of the May 21 Order and sought a preliminary injunction regarding pendency placement pending appeal.

On June 9, 2025, the parties submitted a joint status letter (the "June 9 Letter").  The June 9 Letter included summaries of Plaintiffs' and Defendants' positions, the status of payment to various student-Plaintiffs, the procedural status of Plaintiffs' individual actions and a proposed form of judgment from Plaintiffs and Defendants respectively.  In an Order dated June 12, 2025, the Court stayed entry of final judgment because it pertained to aspects of the case involved in the appeal, thus depriving the Court of jurisdiction.

On July 9, 2025, the Second Circuit denied Plaintiffs' motion to stay the May 21 Order without prejudice to renewal.  *Ramos v. Aviles-Ramos*, No. 25-1321 (2d Cir. July 9, 2025).  The Second Circuit stated that Plaintiffs "must move for a stay in the district court before this [c]ourt may decide any request for a stay."  *Id.*  On July 10, 2025, the Second Circuit ordered that, to the extent Plaintiffs "seek injunctive relief pending appeal, they must also move for an injunction in

the district court before renewing the motion" in the Second Circuit. *Ramos v. Aviles-Ramos*, No. 25-1321 (2d Cir. July 10, 2025).

On July 15, 2025, Plaintiffs filed the Motion, seeking a stay and preliminary injunction. Defendants opposed the motion and Plaintiffs replied.

On September 15, 2025, the parties submitted a joint status letter with updates regarding various student-Plaintiffs. On September 17, 2025, the parties submitted an amended version of the letter filed on September 15, 2025. Both letters noted that briefing in the Second Circuit concluded on September 8, 2025, but oral argument had not yet been scheduled. Neither letter indicated that any plaintiff has lost their placement or is in danger of losing their placement because of non-payment.

## II. DISCUSSION

The Motion is denied. Although Plaintiffs' appeal of the May 21 Order divested this Court of jurisdiction to decide the matters on appeal, Plaintiffs never sought a stay nor an injunction pending appeal. Therefore, those matters were not on appeal, and this Court has jurisdiction to decide the Motion. On the merits, the Motion is denied for substantially the same reasons discussed in the May 21 Order.

Plaintiffs seek substantially the same relief that was denied in the May 21 Order. Plaintiffs' central argument is that the "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA") requires Defendants to fund Plaintiffs' educational placements during the pendency of ongoing proceedings. That argument was addressed at length in the May 21 Order and rejected. For the same reasons, the Motion is denied.

The crux of Plaintiffs' argument is that placement necessarily includes funding, particularly where pendency lies in a private school or program. They argue that without

funding, there is no placement. That argument is unpersuasive as explained in the May 21 Order:

> If the lack of expedited payment 'has jeopardized [the student's] educational placement,' such as when the student is disenrolled from the school, and expedited payment would have restored the student's education access, the stay-put provision may grant the student an automatic injunction to obtain expedited payment. Here, without imminent disenrollment, the automatic injunction standard does not apply.

2025 WL 1455703, at *8 (quoting *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023)). The stay-put provision of the IDEA "does not demand immediate payment, unless the parents 'establish that a delay or failure to pay has jeopardized their child's educational placement.'" *Id.* at *3 (quoting *Mendez*, 65 F.4th at 63). Plaintiffs have presented no argument that any educational placements are at risk absent an expedited payment.

Plaintiffs' request for a preliminary injunction confirming each Student's pendency program or placement, as well as their entitlement to funding, throughout the administrative and judicial proceedings regarding their DPC for the 2024-2025 ESY, including during the expedited appeal, similarly restates arguments that the May 21 Order rejected. *See id.* at *7-8. As before, Plaintiffs "have not shown irreparable harm, a requirement to obtain preliminary injunctive relief." *Id.* at *7 (citing *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024)).

### III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

For case No. 24 Civ. 5109, the Clerk of Court is respectfully directed to:

- Close the motion at Dkt. No. 113;
- Replace Defendant David C. Banks in his official capacity as Chancellor of the New York City Department of Education with Melissa Aviles-Ramos in her

official capacity as Chancellor of the New York City Department of Education and

- Amend the case caption from *Ramos et al. v. Banks et al.* to *Ramos et al. v. Aviles-Ramos et al.*

For case No. 24 Civ. 5136, the Clerk of Court is respectfully directed to:

- Close the motion at Dkt. No. 101;

- Replace Defendant David C. Banks in his official capacity as Chancellor of the New York City Department of Education with Melissa Aviles-Ramos in her official capacity as Chancellor of the New York City Department of Education and

- Amend the case caption from *Bruckauf et al. v. Banks et al.* to *Bruckauf et al. v. Aviles-Ramos et al.*

Dated: October 23, 2025
      New York, New York

                                      LORNA G. SCHOFIELD
                                    **UNITED STATES DISTRICT JUDGE**

5